UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OWENS, | No. 2: 20-cv-0860 KJN P |
| Plaintiff, | |
| v. | ORDER |
| K. CALLOWAY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

1  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
2  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
3  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4   Named as defendants are K. Calloway, S. Achterberg and C. Elston.  Plaintiff alleges that
5  defendants are employed at Mule Creek State Prison ("MCSP").  Plaintiff's complaint contains
6  two claims.

7   In claim one, plaintiff allege that on July 16, 2019, Correctional Officers Jenkins and
8  Bartkiewicz approached plaintiff and his cellmate, inmate Frazier, to conduct a routine cell
9  search.  Prior to this search, Officer Jenkins found a bottle on inmate Frazier which was tested
10 and came back positive for heroin.  Officer Bartkiewicz told inmate Frazier to come with him.

11  Defendant Calloway then conducted an unclothed body search of plaintiff.  The search did
12 not reveal anything.  Defendant Calloway then ordered plaintiff to take a urinalysis based on a
13 controlled substance having been found in his cell.  Plaintiff refused to provide a urine sample.
14 On July 27, 2019, plaintiff was issued a rules violation report for refusing to provide the urine
15 sample.  The rules violation report stated that the controlled substance was found inside plaintiff's
16 cell.

17  Defendant Elston conducted the disciplinary hearing.  Plaintiff told defendant Elston that
18 defendant Calloway violated his right to due process when he prepared a rules violation report
19 containing false information, i.e., that the controlled substance was found in plaintiff's cell when
20 it was actually found on inmate Frazier.

21  Plaintiff alleges that he called defendant Calloway as a witness at the hearing.  Plaintiff
22 asked defendant Calloway where the controlled substance was located, but defendant Calloway
23 would not answer.  Plaintiff alleges that defendant Calloway had to stick to the false story he had
24 written in the rules violation report, i.e., the controlled substance was found in plaintiff's cell.

25  Plaintiff alleges that Correctional Officers Jenkins and Bartkiewicz "both stated,"
26 apparently at the disciplinary hearing, that the controlled substance was found on another inmate.

27  Defendant Elston found plaintiff guilty of refusing to provide a urine sample.
28 ////

In claim two, plaintiff alleges that beginning in May 2019, defendant Achterberg harassed plaintiff and targeted plaintiff with false write-ups, i.e., prison disciplinary reports, so that plaintiff would have enough points to be sent to A yard with defendant Achterberg.

The due process violations alleged against defendants Calloway and Elston in claim one based on the rules violation report charging plaintiff with refusing to take a urine test are unrelated to the harassment and false rules violation reports alleged against defendant Achterberg in claim two.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but...[u]nrelated claims against different defendants belong in different suits...."). Plaintiff may not proceed with these unrelated claims in the instant action. Accordingly, plaintiff shall inform the court within thirty days which claim he would like to proceed on.  The undersigned will then recommend that the claim plaintiff chooses not to proceed on be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days of the date of this order, plaintiff shall inform the court whether he wishes to proceed on claim one or claim two.

Dated:  May 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ow860.14