1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH OWENS,                             No.  2: 20-cv-0860 KJN P

12                    Plaintiff,

13          v.                                    ORDER

14    K. CALLOWAY, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  On May 1, 2020, the undersigned issued an order finding that plaintiff's

19    complaint raised two unrelated claims, i.e., plaintiff's claim alleging defendants Calloway and

20    Elston violated plaintiff's due process rights in connection with a rules violation report charging

21    plaintiff with refusing to take a urine test, and plaintiff's claims against defendant Achterberg

22    alleging harassment and filing a false rules violation report.  See George Smith, 507 F.3d 605,

23    607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but … [u]nrelated claims

24    against different defendants belong in different suits…")  (ECF No. 5.)

25          In the May 1, 2020 order, the undersigned directed plaintiff to inform the court which

26    claim he would like to proceed on.  On May 7, 2020, plaintiff informed the court that he wanted

27    to proceed with his claims against defendants Calloway and Elston.  (ECF No. 9.)  Accordingly,

28    plaintiff's claims against defendant Achterberg are dismissed pursuant to Federal Rule of Civil

1   Procedure 41(a).

2        The undersigned herein screens plaintiff's claims against defendants Calloway and Elston.

3        Plaintiff alleges that on July 16, 2019, Correctional Officers Jenkins and Bartkiewicz

4   approached plaintiff and his cellmate, inmate Frazier, to conduct a routine cell search.  Prior to

5   this search, Officer Jenkins found a bottle on inmate Frazier which was tested and came back

6   positive for heroin.  Officer Bartkiewicz told inmate Frazier to come with him.

7        Defendant Calloway then conducted an unclothed body search of plaintiff.  The search did

8   not reveal anything.  Defendant Calloway then ordered plaintiff to take a urinalysis based on a

9   controlled substance having been found in his cell.  Plaintiff refused to provide a urine sample.

10  On July 27, 2019, plaintiff was issued a rules violation report for refusing to provide the urine

11  sample.  The rules violation report falsely stated that the controlled substance was found inside

12  plaintiff's cell.

13       Defendant Elston conducted the disciplinary hearing.  Plaintiff told defendant Elston that

14  defendant Calloway violated his right to due process when he prepared a rules violation report

15  containing false information, i.e., that the controlled substance was found in plaintiff's cell when

16  it was actually found on inmate Frazier.

17       Plaintiff alleges that he called defendant Calloway as a witness at the hearing.  Plaintiff

18  asked defendant Calloway where the controlled substance was located, but defendant Calloway

19  would not answer.  Plaintiff alleges that defendant Calloway had to stick to the false story he had

20  written in the rules violation report, i.e., the controlled substance was found in plaintiff's cell.

21       Plaintiff alleges that Correctional Officers Jenkins and Bartkiewicz "both stated,"

22  apparently at the disciplinary hearing, that the controlled substance was found on another inmate

23  and not in the cell.

24       Defendant Elston found plaintiff guilty of refusing to provide a urine sample.  As

25  punishment for the guilty finding, plaintiff alleges that he was:  1) placed on C status; 2) his visits

26  were suspended for 120 days; 3) he was permitted only behind-the-glass visits for 180 days once

27  visits were reinstated; 4) he lost canteen privileges, phone privileges, yard and recreation

28  privileges, day room privileges, packages and suffered property restrictions for 180 days;

5) mandatory drug testing was imposed for one year; and 6) he lost family visits for approximately 3 years.

Plaintiff alleges that he filed an administrative appeal challenging the guilty finding.  At the third level of review, the reviewer found that plaintiff's issues "have merit."  The third level reviewer ordered the disciplinary conviction dismissed in the interest of justice.

Plaintiff alleges that defendant Calloway violated his right to due process by preparing a disciplinary report that falsely stated that the controlled substance was found in plaintiff's cell when it was actually found on inmate Frazier.

A "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted."  Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted, 2006 WL 842585 (Mar. 28, 2006).  A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate is not afforded procedural due process in the hearing on the disciplinary charge.  See Pratt v. Rowland, 769 F. Supp. 1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) (guards "filing of unfounded charges did not give rise to a per se constitutional violation actionable under section 1983"); Sprouse v. Babcock, 870 F.2d 450, 452 (9th Cir. 1989) (claim based on falsity of charges, standing alone, did not state a constitutional claim) and Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (guards' fabrication of evidence does not state a claim if procedural protections are provided during disciplinary hearing).

Here, plaintiff does not allege that he was deprived of procedural due process at the disciplinary hearing or that the alleged filing of the disciplinary report containing false information by defendant Calloway was in retaliation for his exercise of a protected right. Accordingly, plaintiff's due process claim against defendant Calloway is dismissed.

Plaintiff alleges that defendant Elston wrongly found him guilty of the rules violation report in violation of his right to due process.  Plaintiff alleges that defendant Elston deliberately disregarded the statements by Correctional Officers Jenkins and Bartkiewicz that no controlled substance was found in plaintiff's cell and that the controlled substance was found on another

inmate's person.  Plaintiff has stated a potentially colorable due process claim against defendant Elston.  See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (in the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision).

Plaintiff may proceed forthwith to serve defendant Elston and pursue his claims against only that defendant or he may delay serving any defendant and attempt to state a cognizable claim against defendant Calloway.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant Calloway, he has thirty days in which to so.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Elston, against whom he has stated a potentially cognizable claim for relief, he shall return the attached notice within thirty days.  Following receipt of that notice, the court will order service of defendant Elston.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

4

1    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

2    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

3    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

4           The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

5    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

6    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

7    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

8    set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

9    N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

10   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must

11   not include any preambles, introductions, argument, speeches, explanations, stories, griping,

12   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

13   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

14   violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

15   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

16   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

17   pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

18   many defendants with unexplained, tenuous or implausible connection to the alleged

19   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

20   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

21   action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

22          A district court must construe a pro se pleading "liberally" to determine if it states a claim

23   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

24   opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

25   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

26   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

27   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

28   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

5

U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

////

////

6

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's claims against defendant Achterberg are dismissed pursuant to Federal Rule

3    of Civil Procedure 41(a).

4        2.  Plaintiff's claims against defendant Calloway are dismissed with leave to amend.

5    Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state

6    cognizable claims against defendant Calloway.  Plaintiff is not obliged to amend his complaint.

7        3.  The allegations in the pleading are sufficient to state a cognizable claim against

8    defendant Elston.  See 28 U.S.C. § 1915A.  If plaintiff opts to proceed on his original complaint

9    as to defendant Elston, he shall return the attached notice within thirty days of service of this

10   order.

11       4.  Failure to comply with this order will result in a recommendation that this action be

12   dismissed.

13   Dated:  September 25, 2020

14

15                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
16

17   Ow860.ord

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH OWENS, JR.,                       No.  2: 20-cv-0860 KJN P

12                 Plaintiff,

13        v.                                     NOTICE

14    K. CALLOWAY, et al.,

15                 Defendants.

16

17            Plaintiff opts to proceed with the original complaint as to defendant Elston.
              Plaintiff consents to the dismissal of defendant Calloway without prejudice.
18        _____

19        OR

20        _____ Plaintiff opts to file an amended complaint and delay service of process.

21    DATED:

22                                        _____

23                                        Plaintiff

24

25

26

27

28

                                         1