UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OWENS, | No. 2: 20-cv-0860 KJN P |
| Plaintiff, | |
| v. | ORDER |
| K. CALLOWAY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Elston's summary judgment motion. (ECF No. 31.) For the reasons stated herein, defendant is ordered to file supplemental briefing.

Background

This action proceeds on plaintiff's complaint against defendant Mule Creek State Prison ("MCSP") Correctional Lieutenant C. Elston. Plaintiff alleges that defendant Elston violated plaintiff's right to due process when she found plaintiff guilty of the rules violation report issued on or around July 27, 2019, charging plaintiff with refusing to provide a urine sample. Plaintiff alleges that there was insufficient evidence to support defendant Elston's finding that plaintiff was guilty of the rules violation report.

Plaintiff alleges that as a result of being found guilty, he was placed on C-status. Plaintiff alleges that his visits were suspended for 120 days and for 180 days for visits behind the glass.

1  Plaintiff also alleges that he lost canteen privileges, phone privileges, yard recreation privileges,
2  day room, packages and property restrictions for 180 days.  Plaintiff alleges that he was ordered
3  to submit to mandatory drug testing for one year.  Plaintiff alleges that family visits were taken
4  away for three years.  Plaintiff also alleges that he was kicked out of Folsom Lake College.

Discussion

Defendant moves for summary judgment, in part, on the grounds that plaintiff does not have a liberty interest in the temporary suspension of privileges.  For the reasons discussed herein, defendant is ordered to file supplemental briefing clarifying the privileges plaintiff lost as a result of being found guilty of Rules Violation Report ("RVR") 9559 and the duration of the loss of these privileges.

RVR 9559 charged plaintiff with refusing to provide a urine sample for testing of a controlled substance.  (ECF No. 31-4 at 4.)  On August 13, 2019, defendant Elston found plaintiff guilty of RVR 9559, which constituted plaintiff's second violation.  (Id. at 4-5.)  In support of the summary judgment motion, defendant provided the declaration of MCSP Correctional Lieutenant D. Pasioles.  D. Pasioles states that the sanctions imposed on plaintiff following his disciplinary conviction included the loss of ten days credit, loss of pay for 180 days, loss of visiting privileges for 90 days, loss of contact visiting privileges for 180 days and one year of mandatory drug testing.  (Id. at 5.)

D. Pasioles also states other disciplinary sanctions for refusing to provide a urine ample include placement into Privilege Group C for a period of up to 90 days.  (Id. at 3.)  Privilege Group C placement mandates no family visits, one-fourth the maximum monthly canteen draw authorized by the Secretary of CDCR, telephone calls for emergencies only, limited yard access and no access to recreational or entertainment activities and package restrictions.  (Id.)

Pursuant to California Code or Regulations title 15, § 3315(f)(5)(K), a second or subsequent offense for refusing a urine sample can also trigger loss of canteen, telephone, packages and personal property privileges.  (Id. at 3.)

On June 19, 2019, plaintiff was deemed a Program Failure and placed in Privilege Group C for 91 days.  (Id. at 4.)  Therefore, plaintiff was in Privilege Group C at the time of his

Case 2:20-cv-00860-KJN   Document 35   Filed 04/12/22   Page 3 of 3

conviction for RVR 3559.

On January 3, 2020, plaintiff's conviction for RVR 3559 was dismissed by the Office of Appeals. (Id. at 5.) All sanctions imposed as a result of this conviction were lifted, effective January 3, 2020. (Id.)

It appears from defendant's summary judgment motion that plaintiff was placed in Privilege Group C as a result of his disciplinary conviction for RVR 9559. However, defendant does not specifically address the duration of plaintiff's placement in Privilege Group C as a result of his conviction for RVR 3559. Defendant also does not specifically address whether plaintiff's placement in Privilege Group C as a result of the disciplinary conviction overlapped with plaintiff's placement in Privilege Group C ordered after plaintiff was deemed a Program Failure. Defendant also does not specifically address whether plaintiff lost canteen, telephone, packages and personal property privileges pursuant to California Code of Regulations title 15, § 3315(f)(5)(K) following his disciplinary conviction and the duration of the loss of these privileges. Accordingly, defendant is ordered to file supplemental briefing addressing these matters.[1]

Accordingly, IT IS HEREBY ORDERED that defendant shall file the supplemental briefing discussed above within twenty-one days of the date of this order; plaintiff may file a reply brief within fourteen days thereafter.

Dated: April 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Owen860.fb

---

[1] It is unlikely that plaintiff was deprived of a liberty interest based on the alleged temporary deprivation of privileges. However, to make this finding, the undersigned requires information regarding the privileges lost and the duration of the loss.

3